HARVEY R. JACKSON
Attorney at Law
3479 McCulloch Blvd., N.
Lake Havasu City, AZ  86406
(928) 855-9471
(928) 855-7427 Fax
harveyjackson@frontiernet.net
State Bar No. 003301
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOEL D. WILLIAMS, | ) |
| | ) No.  CV 09-8219-PCT-DKD |
| Plaintiff, | ) |
| | ) |
| vs. | ) FIRST AMENDED COMPLAINT |
| | ) |
| BANK OF AMERICA N.A., | ) |
| a Foreign Banking Corporation, | ) |
| COUNTRYWIDE BANK, | ) |
| a Foreign Banking Corporation, | ) |
| FIRST MAGNUS FINANCIAL | ) |
| CORPORATION, | ) |
| a Foreign Banking Corporation, | ) |
| ABC & XYZ ENTITIES, | ) |
| | ) |
| Defendants. | ) |
| | ) |

COMES NOW Plaintiff, JOEL D. WILLIAMS, by and through his attorney undersigned, and for his cause of action alleges as follows:

1. That your Plaintiff, JOEL D. WILLIAMS, is an individual who owned certain real property located in the County of Mohave, State of Arizona, and all events out of which this cause of action arises took place in the County of Mohave, Arizona.

2. That your Plaintiff, JOEL D. WILLIAMS, was the owner of certain real property located at 4013 Lakeview Drive, Lake Havasu City, Arizona, 86406, more fully

described as follows:

> LOT 17, OF HORIZON SIX, ACCORDING TO THE PLAT RECORDED APRIL 5, 1961, AT FEE NO. 102249, IN THE OFFICE OF THE COUNTY RECORDER OF MOHAVE COUNTY, ARIZONA.

3. That your Plaintiff, JOEL D. WILLIAMS, purchased said real property on or about the calendar year 2002, and owned the property ever since until the foreclosure of the property in 2009.

4. That on or about summer of 2007 that your Plaintiff, JOEL D. WILLIAMS, took out a loan on the property with a then original principal balance of $519,000.00 from Defendant FIRST MAGNUS FINANCIAL CORPORATION, and your Plaintiff is informed and therefore believes that said loan was subsequently sold or acquired by Defendant COUNTRYWIDE BANK, and your Plaintiff is further informed and therefore believes that the loan had been taken over or assigned in some manner to Defendant BANK OF AMERICA, N.A.

5. That your Plaintiff further took out a second mortgage with COUNTRYWIDE BANK with an original credit limit of $146,000.00, and your Plaintiff is informed and therefore believes that said loan had been acquired or otherwise taken over by Defendant BANK OF AMERICA, N.A.

6. That your Plaintiff experienced various financial difficulties and negotiated with Defendant COUNTRYWIDE BANK to modify the loans, however about the time that such discussions took place that sometime during the process in 2008 that the loan was taken over by BANK OF AMERICA, N.A.

7. That on or about fall of 2008 that your Plaintiff negotiated a "short sale" and that negotiations took place at that time with Defendant COUNTRYWIDE BANK and then with

1  Defendant BANK OF AMERICA, N.A., however neither institution ever negotiated the "short
2  sale" in good faith, and your Plaintiff lost the benefit of a "short sale."

3      8.  That in the calendar year 2009 that your Plaintiff negotiated with Defendant
4  BANK OF AMERICA, N.A. to modify the loan, and negotiations continued into September of
5  2009, and during the negotiations your Plaintiff was informed that the property had been set for
6  Trustee's Sale, however your Plaintiff was never served with a Notice of Trustee's Sale, and as
7  your Plaintiff continued to live in the premises your Plaintiff knows that the property was never
8  posted, and the failure to notify your Plaintiff of a Trustee's Sale and the failure to post the
9  property are conditions precedent to any Trust Deed foreclosure, and therefore the subsequent
10 Trustee's foreclosure that has apparently taken place is null and void.

11     9.  That as late as September of 2009 that your Plaintiff continued to negotiate for
12 the loan modification and was told that the process was ongoing and was specifically told not to
13 worry about any Trustee's Sale, and that the Trustee's Sale was being continued until such time
14 as a resolution was reached in the renegotiation of the loan.

15     10.  That while the negotiations were taking place in 2009 that your Plaintiff had
16 contacted various resources which were available to aid him in negotiations, and Delia Rodriquez
17 of Community Action Human Resources Agency, an agency which aids people to negotiate
18 mortgages and distressed loans, participated in the negotiations, and in fact participated in various
19 conference calls wherein your Plaintiff was specifically told not to worry about any Trustee's
20 Sale as the matter was still pending a renegotiation.

21     11.  That your Plaintiff was informed and therefore believes that the property sold
22 at Trustee's Sale, despite the promises and representations made by Defendant BANK OF
23 AMERICA, N.A., as a representative of Cummins Investment, Inc. called Plaintiff on or about

Saturday, September 12, 2009 to advise that the Corporation had acquired the said property for the sum of $192,000.00 at Trustee's Sale which had been conducted on September 4, 2009.

12. That your Plaintiff had never been served or otherwise notified that there was to be a sale that date, and as aforementioned he was specifically told not to worry about any sale and that it would be continued as the loan modification was still in the negotiation process.

13. That due to the defects in the noticing of the Trustee's Sale, the total disregard of Arizona statutes of noticing, and continuing, and conducting the sale, the specific representations to Plaintiff not to worry about any sale, by Defendant BANK OF AMERICA, N.A., and your Plaintiff's reasonable reliance on those misrepresentations, that Defendant BANK OF AMERICA, N.A. and its agents and employees have damaged Plaintiff in an amount to be proven at trial.

14. That your Plaintiff has been damaged at a minimum by the difference between the "short sale" price negotiated of $450,000.00 and the actual Trustee's Sale price of $192,000.00, all in an amount to be proven at trial.

15. That as the actions of Defendant BANK OF AMERICA, N.A. were made recklessly and knowingly and in wanton disregard of the rights of Plaintiff and people situated similar to Plaintiff, that your Plaintiff should recover punitive damages in an amount sufficient for the giant BANK OF AMERICA, N.A. to prevent such misrepresentations and fraud in the future, believed to be in the amount of $100,000,000.00, all in an amount to be ascertained at trial.

16. That as this matter arises out of contract, and further that the contract documents provide for the awarding of attorney's fees, and further pursuant to A.R.S. §12-341.01, your Plaintiff is entitled to recover his reasonable attorney's fees herein incurred.

17. That at the time of filing this Complaint the true identities of the fictitious Defendants are unknown to your Plaintiff, and your Plaintiff requests leave of this Court to identify such entities as they may become known to your Plaintiff.

## COUNT I

## FRAUD

COMES NOW Plaintiff, by and through his attorney undersigned, and for his Count I alleges as follows:

18. Plaintiff re-alleges the allegations set forth in paragraphs 1 thru 17 in this Count I as if set forth fully herein.

19. That Defendants or their agents represented to your Plaintiff and your Plaintiff's HUD-qualified Counselor that there was no necessity to attend the Trustee's Sale, that actually did take place, for the reason that Defendant BANK OF AMERICA, N.A. or its agents or employees would cause the sale to be continued.

20. That the representation made by Defendant BANK OF AMERICA, N.A. and its agents or employees was false.

21. That the misrepresented fact that the sale would be continued was material as Plaintiff had at least three (3) relatives or acquaintances who could and would have provided the funds necessary to competitively bid against the bid that was ultimately accepted, that being $192,000.00, and therefore your Plaintiff could have successfully purchased the property at the sale, and continued to occupy the property with payments based upon $192,000.00 or thereabouts, or sold the property for $450,000.00 at a profit.

22. That the agent, representative or employee of Defendant BANK OF AMERICA, N.A. either knew or should have known that the representation was untrue, and

failed to take the steps necessary to ensure that the sale was continued, and the continuance of the sale was solely in the purveyance of BANK OF AMERICA, N.A. or its employees.

23. That in representing to the Plaintiff that the sale would be continued, it was the intention of the agent or employee of BANK OF AMERICA, N.A. that the Plaintiff not attend the sale, and the Plaintiff did not in fact attend the sale based upon the representation that the sale would be continued.

24. That your Plaintiff was ignorant of the falsity of the statement, and in fact had every reason to believe the statement was true as the sale had been continued many times before.

25. That the Plaintiff relied upon the truth of the representation that the sale would be continued, and in fact did not attend the sale nor take steps to have acquaintances available to finance competitive bidding and an ultimate purchase from the sale.

26. That the Plaintiff had every right to rely upon the representation and had no reason to believe that the representation was false, and in fact the sale had been continued on several prior occasions.

27. That as a result of the failure to attend the sale, that your Plaintiff did not then utilize the financial wherewithal of his friends and/or relatives and therefore did not bid at the sale, even though your Plaintiff could have successfully bid at the sale, and thereby your Plaintiff was consequently and proximately injured by not acquiring the property and being able to own the property with a mortgage within his ability to pay and lost the ability to sell the property for $450,000.00, and therefore could have profited, but for the misrepresentation, in an amount to be proven at trial.

28. That the representation that the sale would be continued had been made on several occasions, and on occasions with the HUD-certified representative on the phone at the

1  same time in a conference call, and all representations that the sale would be continued were
2  made by telephone and on each occasion the representations that the sale would be continued
3  were made to a telephone phone number provided by BANK OF AMERICA, N.A. by a person
4  who identified themselves at BANK OF AMERICA, N.A. as being a person who could handle
5  the loan modification or who was handling the loan modification.

6      29.  That when the representative of BANK OF AMERICAN, N.A., by telephone,
7  indicated that the Trustee's Sale was being continued, specifically the person represented that the
8  Trustee's Sale was being continued until such a time as resolution was reached on the loan
9  modification or renegotiation of the loan, and no resolution was ever reached in the renegotiation
10 of the loan.

11     30.  That your Plaintiff first knew that the sale had taken place by receipt of a call
12 several days after the sale from an individual from Cummins Investment, Inc. who indicated they
13 had been tracking the sale of the property and they indicated the sale had been continued for at
14 least sixteen (16) times, and further the representative of Cummins Investment, Inc. indicated that
15 said company had purchased the property at the sale for $192,000.00, and this was the first time
16 that your Plaintiff was aware that a sale had actually taken place.

17     31.  That the aforementioned actions and misrepresentations of Defendant BANK
18 OF AMERICA, N.A. contain all of the elements of fraud under the laws of the State of Arizona,
19 and said misrepresentations were reasonably relied upon by your Plaintiff, thereby damaging
20 Plaintiff in an amount to be proven at trial in this matter.

21     32.  That such fraud and misrepresentation potentially occurs regularly in
22 thousands of cases considering that Defendant BANK OF AMERICA, N.A. is a large institution
23 and therefore the Court should award punitive damages in an amount to be sufficient to deter such

1   activities and actions of Defendant BANK OF AMERICA, N.A. from conducting such fraud as to
2   other customers, and that a fair amount for said punitive damages should be set by the trier of fact
3   in an amount not less than $100,000,000.00.

4       33.   That under Arizona law the fraud committed by Defendant BANK OF
5   AMERICA, N.A. is intentional, and in wanton disregard to the rights of the Plaintiff, and thereby
6   the Defendant BANK OF AMERICA, N.A. is liable to your Plaintiff as and for reasonable
7   attorney's fees herein incurred.

8       WHEREFORE Plaintiff requests that this honorable Court enter its Judgment as
9   follows:

10       1.   For damages in an amount to be proven at trial as and for fraud or
11   misrepresentation, at minimum the difference between $450,000.00 and $192,000.00.

12       2. For punitive damages in an amount to be established by the trier of fact to deter
13   Defendant BANK OF AMERICA, N.A. from future activities such as complained of herein, in a
14   minimum amount of $100,000,000.00.

15       3. For reasonable attorneys' fees and costs herein incurred.
16       4. For such other and further relief as the Court may deem just in the premises.
17

18       COUNT II
19       MISREPRESENTATION

20       COMES NOW Plaintiff, by and through his attorney undersigned, and for his
21   Count II alleges as follows:

22       34.   Plaintiff re-alleges the allegations set forth in paragraphs 1 thru 33 in this
23   Count II as if set forth fully herein.

35. That Defendants or their agents represented to your Plaintiff and your Plaintiff's HUD-qualified Counselor that there was no necessity to attend the Trustee's Sale, that actually did take place, for the reason that Defendant BANK OF AMERICA, N.A. or its agents or employees would cause the sale to be continued.

36. That the representation made by Defendant BANK OF AMERICA, N.A. and its agents or employees was false.

37. That the misrepresented fact that the sale would be continued was material as Plaintiff had at least three (3) relatives or acquaintances who could and would have provided the funds necessary to competitively bid against the bid that was ultimately accepted, that being $192,000.00, and therefore your Plaintiff could have successfully purchased the property at the sale, and continued to occupy the property with payments based upon $192,000.00 or thereabouts, or sold the property for $450,000.00 at a profit.

38. That the agent, representative or employee of Defendant BANK OF AMERICA, N.A. either knew or should have known that the representation was untrue, and failed to take the steps necessary to ensure that the sale was continued, and the continuance of the sale was solely in the purveyance of BANK OF AMERICA, N.A. or its employees.

39. That in representing to the Plaintiff that the sale would be continued, it was the intention of the agent or employee of BANK OF AMERICA, N.A. that the Plaintiff not attend the sale, and the Plaintiff did not in fact attend the sale based upon the representation that the sale would be continued.

40. That your Plaintiff was ignorant of the falsity of the statement, and in fact had every reason to believe the statement was true as the sale had been continued many times before.

41. That the Plaintiff relied upon the truth of the representation that the sale would

1 be continued, and in fact did not attend the sale nor take steps to have acquaintances available to
2 finance competitive bidding and an ultimate purchase from the sale.

3     42.  That the Plaintiff had every right to rely upon the representation and had no
4 reason to believe that the representation was false, and in fact the sale had been continued on
5 several prior occasions.

6     43.  That as a result of the failure to attend the sale, that your Plaintiff did not then
7 utilize the financial wherewithal of his friends and/or relatives and therefore did not bid at the
8 sale, even though your Plaintiff could have successfully bid at the sale, and thereby your Plaintiff
9 was consequently and proximately injured by not acquiring the property and being able to own
10 the property with a mortgage within his ability to pay and lost the ability to sell the property for
11 $450,000.00, and therefore could have profited, but for the misrepresentation, in an amount to be
12 proven at trial.

13     44.  That the representation that the sale would be continued had been made on
14 several occasions, and on occasions with the HUD-certified representative on the phone at the
15 same time in a conference call, and all representations that the sale would be continued were
16 made by telephone and on each occasion the representations that the sale would be continued
17 were made to a telephone phone number provided by BANK OF AMERICA, N.A. by a person
18 who identified themselves at BANK OF AMERICA, N.A. as being a person who could handle
19 the loan modification or who was handling the loan modification.

20     45.  That when the representative of BANK OF AMERICAN, N.A., by telephone,
21 indicated that the Trustee's Sale was being continued, specifically the person represented that the
22 Trustee's Sale was being continued until such a time as resolution was reached on the loan
23 modification or renegotiation of the loan, and no resolution was ever reached in the renegotiation

of the loan.

46. That your Plaintiff first knew that the sale had taken place by receipt of a call several days after the sale from an individual from Cummins Investment, Inc. who indicated they had been tracking the sale of the property and they indicated the sale had been continued for at least sixteen (16) times, and further the representative of Cummins Investment, Inc. indicated that said company had purchased the property at the sale for $192,000.00, and this was the first time that your Plaintiff was aware that a sale had actually taken place.

47. That the aforementioned actions and misrepresentations of Defendant BANK OF AMERICA, N.A. contain all of the elements of misrepresentation under the laws of the State of Arizona, and said misrepresentations were reasonably relied upon by your Plaintiff, thereby damaging Plaintiff in an amount to be proven at trial in this matter.

48. That such fraud and misrepresentation potentially occurs regularly in thousands of cases considering that Defendant BANK OF AMERICA, N.A. is a large institution and therefore the Court should award punitive damages in an amount to be sufficient to deter such activities and actions of Defendant BANK OF AMERICA, N.A. from conducting such fraud as to other customers, and that a fair amount for said punitive damages should be set by the trier of fact in an amount not less than $100,000,000.00.

49. That under Arizona law the misrepresentation committed by Defendant BANK OF AMERICA, N.A. is intentional, and in wanton disregard to the rights of the Plaintiff, and thereby the Defendant BANK OF AMERICA, N.A. is liable to your Plaintiff as and for reasonable attorney's fees herein incurred.

WHEREFORE Plaintiff requests that this honorable Court enter its Judgment as follows:

1. For damages in an amount to be proven at trial.

2. For reasonable attorneys' fees and costs herein incurred.

3. For such other and further relief as the Court may deem just in the premises.

## COUNT III

## BREACH OF CONTRACT

COMES NOW Plaintiff, by and through his attorney undersigned, and for his Count III alleges as follows:

50. Plaintiff re-alleges the allegations set forth in paragraphs 1 thru 49 in this Count II as if set forth fully herein.

51. That Defendant BANK OF AMERICA, N.A., as said Defendant caused foreclosure of the Deed of Trust, had obtained the rights to the Note and Deed of Trust and other loan documents from predecessors, and Plaintiff is informed and therefore believes that at least two (2) of the predecessors to BANK OF AMERICA, N.A. were FIRST MAGNUS FINANCIAL CORPORATION and COUNTRYWIDE BANK.

52. That as BANK OF AMERICA, N.A. enforced the contracts, that Plaintiff is informed and therefore believes that BANK OF AMERICA, N.A. would have received appropriate assignments of the contractual rights, and therefore Defendant BANK OF AMERICA, N.A. is obligated to perform its duties under the contract, as well as enforce obligations as against your Plaintiff.

53. That the various contractual documents create certain obligations for the parties, and more specifically there is an implied covenant of good faith and fair dealing in connection with the enforcement of any of the contractual documents, by either contracting party,

whether it be the Plaintiff or Defendant BANK OF AMERICA, N.A.

54. That the Defendant BANK OF AMERICA, N.A. represented that they would do a loan modification or negotiate to do a loan modification, and specifically represented that no foreclosure sale would occur for so long as the loan modification was still in the negotiation process, and at the time the Trustee's Sale actually occurred on or about September of 2009 that the loan modification was still in the negotiation process, and that the employee or agent of Defendant BANK OF AMERICA, N.A. had told your client that the Trustee's Sale would continued to be postponed.

55. That despite the contractual documents and the implied covenant of good faith and fair dealing, and further despite the representation that the sale would not take place as the loan modification was still in the negotiation process, that Defendant BANK OF AMERICA, N.A. caused the sale to take place by its employees or agents, thereby breaching the warranty of fair dealing in the contractual relationship between the parties.

56. That the breach of the implied covenant of good faith and fair dealing and the breach of the contract caused damages to Plaintiff in an amount to be proven at trial, believed to be at minimum the difference between $450,000.00, a previously established value that a willing purchaser was willing to pay for the property, and $192,000.00, being the actual sales price at the Trustee's Sale.

57. That as this matter arises out of contract, and as the contractual documents specifically call for attorney's fees, that your Plaintiff is entitled to recover his reasonable attorney's fees pursuant to A.R.S. §12-341.01 and the specific contractual documents.

WHEREFORE Plaintiff requests that this honorable Court enter its Judgment as follows:

1. For damages in an amount to be proven at trial as and for breach of contract and breach of warranty of fair dealing, at a minimum the difference between $450,000.00 and $192,000.00.

2. For reasonable attorneys' fees and costs herein incurred.

3. For such other and further relief as the Court may deem just in the premises.

## COUNT IV

## ESTOPPEL

COMES NOW Plaintiff, by and through his attorney undersigned, and for his Count IV alleges as follows:

58. Plaintiff re-alleges the allegations set forth in paragraphs 1 thru 57 in this Count IV as if set forth fully herein.

59. That Defendant BANK OF AMERICA, N.A. is in receipt of various funds provided by the tax payers and the Federal Government commonly known as "bail out funds", and Defendant BANK OF AMERICA, N.A. has received considerable bail out funds directly, and as a result of taking over the COUNTERYWIDE BANK loans received the benefit of various benefits for COUNTRYWIDE BANK, and perhaps for FIRST MAGNUS FINANCIAL CORPORATION, all of whom were involved in the particular loan to Plaintiff JOEL D. WILLIAMS.

60. That officers and directors and other agents and employees of Defendant BANK OF AMERICA, N.A. have repeatedly stated publicly in various media, speeches and otherwise, that the "bail out funds" would be utilized in part to renegotiate various home loans and modify various home loans, and further have consistently publicly indicated that Defendant BANK OF AMERICA, N.A. was doing considerable loan negotiations and loan

modifications.

61. That by virtue of the public representations and the taking of public monies that Defendant BANK OF AMERICA, N.A. is estopped from asserting that they are not doing loan modifications, and specifically that they were not in the process of loan modifications for Plaintiff JOEL D. WILLIAMS.

62. That Defendant BANK OF AMERICA, N.A. is further estopped from asserting that they were not dealing fairly with Plaintiff JOEL D. WILLIMAS, as the various officers, directors, agents and employees of Defendant BANK OF AMERICA, N.A. have consistently told the world through the media and through various public pronouncements, including pronouncements to the Congress of the United States, that they were dealing fairly with persons situated similarly to Plaintiff JOEL D. WILLIAMS.

63. That Defendant BANK OF AMERICA, N.A. is estopped from denying that the relationship existing between Plaintiff JOEL D. WILLIAMS and Defendant BANK OF AMERICA, N.A. included an obligation to not conduct the sale that actually did occur.

64. That despite the obligation to not conduct the sale, that Defendant BANK OF AMERICA, N.A. caused its agents or employees to conduct the sale, all to the detriment of Plaintiff, and which caused damages to Plaintiff in an amount to be proven at trial.

WHEREFORE Plaintiff requests that this honorable Court enter its Judgment as follows:

1. Estopping Defendant BANK OF AMERICA, N.A. from claiming that they did not treat Plaintiff unfairly.

2. Award Plaintiff his reasonable damages in an amount to be proven at trial.

3. Grant such other and further relief as the Court may deem just in the premises.

```
 1            RESPECTFULLY SUBMITTED this 1st day of June, 2010.
 2
 3                                        _____
 4                                        HARVEY R. JACKSON
 5                                        Attorney for Plaintiff
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20                            VERIFICATION
21   STATE OF ARIZONA      )
22                         ) ss.
23   County of Mohave      )
24
25            JOEL D. WILLIAMS, after being first duly sworn, deposes and says: that he is
26   the Plaintiff in the above matter, and has read the First Amended Complaint, and read the
27   contents thereof and knows the contents to be true of his own knowledge, and as to all matters
28   contained therein he believes them to be true.
29                                         /S/_____
30                                        JOEL D. WILLIAMS
31
32            SUBSCRIBED AND SWORN to before me this 1st day of June, 2010, by Joel D.
33   Williams.
34
35                                         /S/_____
36                                        Notary Public, Helen T. Powell
37   My Commission Expires:
38   December 17, 2011
39
40
```

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | Copy emailed to: |
| 7 | |
| 8 | mwagner@lrlaw.com |
| 9 | elabrant@lrlaw.com |
| 10 | Attorneys for Defendants |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |