```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF ARIZONA
                        CIVIL MINUTES - GENERAL
```
Phoenix Division

**CIV**   **09-8219-PCT-DKD**              DATE:   4/15/2011


 Title:      Williams          vs.        Bank of America N.A., et al.
                Plaintiff                        Defendants
================================================================================

HON:   David K. Duncan                    Judge #70BL/DKD

       M. Morgan                              CourtSmart
       Deputy Clerk                            Recorded

**APPEARANCES:**

Harvey Jackson for and with plaintiff Joel Williams
Milton Wagner for defendants Bank of America N.A. and Countrywide Bank


================================================================================
**PROCEEDINGS:**       X    Open Court           Chambers              Other

This is the time set for Oral Argument on Defendants' [51] Motion for Summary Judgment and Plaintiff's [55] Motion Compelling Disclosure or Discovery.

With regard to Plaintiff's [55] Motion Compelling Disclosure or Discovery, due to the fact that close of discovery was 11/30/2010 and there being no showing of extraordinary circumstances, the Motion is DENIED.

Regarding Defendants' Motion for Summary Judgment [51], after hearing from Plaintiff's Counsel with regard to each of the remaining claims in the Amended Complaint, and as explained on the record, the Court finds as follows:

- With regard to the fraud claim, the Court finds based upon the admissible evidence in this record there was no intent to deceive and ORDERS the fraud claim dismissed based upon the reasons articulated on the record citing McAlister v. Citibank, 171 Ariz. 207, 214 (Ariz. App 1992).

- Defendants' Motion is GRANTED with regard to the negligent misrepresentation claim based on the reasons set forth on the record. "Negligent misrepresentation requires a misrepresentation or omission of a *fact*. A promise of future conduct is not a statement of fact capable of supporting a claim of negligent misrepresentation." McAlister at p. 215(emphasis in original). The allegation in the Amended Complaint that Defendant "misrepresented [the] fact that the sale would be continued" [Doc. 25 at ¶ 37 (emphasis added)]is a promise of future conduct just as the promises in McAlister that the bank would renew plaintiff's line of credit and that loan transfer requests would be processed in a timely manner "all relate to future events." McAlister at p. 215.

- With regard to the breach of the covenant of good faith and fair dealing claim, based upon the law of the State of Arizona, the Court ORDERS this claim dismissed. The contract at issue is the loan agreement. The bank

argues that Plaintiff received all of the benefit he was entitled to under the contract and that it cannot be a breach of the covenant to undertake an act that was within the reasonable contemplation of the parties under the terms of the contract. The contract contemplated that if the borrower did not pay, the lender would seek to foreclose on the property which is all that plaintiff alleges that defendant wrongly did.  This action was contemplated as part of the original bargain and taking this action cannot be a breach of the covenant.  Another judge of this court came to the same conclusion in Kincaid v. Wells Fargo Bank, 2010 WL 2899058. Moreover enforcement of the alleged promise to postpone the trustee sale is barred by the statute of frauds.  Plaintiff argues that he partly performed but part performance is an equitable exception to the statute of frauds which does not apply where only money damages are sought.  Trollope v. Koerner, 106 Ariz. 10, 17 (1970).  All of the equitable claims have been dismissed. In addition, the language of the loan agreement itself as well as the subsequent correspondence from the bank emphasize that only agreements in writing will bind the bank to terms different than what the parties originally agreed.

Judgment shall be entered in favor of Defendants.

Time in Court: 45 min